1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

| | |
|---|---|
| ROSLYN CHAPMAN, | CASE NO. 2:24-cv-00304-LK |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION AND MOTION TO VOLUNTARILY DISMISS |
| HOWARD BARRON et al., | |
| Defendants. | |

16

17

18

19

20

21

22

23

24

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Michelle L. Peterson, recommending dismissal of Petitioner Roslyn Chapman's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, Dkt. No. 32, and on Ms. Chapman's subsequent Motion to Voluntarily Dismiss § 2241 Motion, Dkt. No. 35. Ms. Chapman timely objected to Judge Peterson's R&R, Dkt. No. 33, and the Government thereafter responded to Ms. Chapman's objections, Dkt. No. 34. The Government has further opposed Ms. Chapman's motion to voluntarily dismiss, Dkt. No. 35, insofar as dismissal "would allow Chapman to proceed on the late-filed, new habeas claim relating to FSA time credits" that

she filed pro se in June 2024, Dkt. No. 12. Dkt. No. 36 at 1. Having reviewed Judge Peterson's R&R, Ms. Chapman's motion to voluntarily dismiss, the parties' relevant briefing, and the record, the Court grants Ms. Chapman's motion to voluntarily dismiss and declines to adopt Judge Peterson's R&R as moot.

## I.     BACKGROUND

Following a plea of guilty to conspiracy to distribute a controlled substance, Ms. Chapman was sentenced to a term of 199 months' confinement. *See United States v. Chapman*, No. CR14-36-1, Dkt. No. 94 (S.D. Miss. Jan. 29, 2015). Until recently, she was in federal custody with an anticipated release date of July 18, 2028. Dkt. No. 13 at 1. On May 31, 2023, Ms. Chapman was transferred from FDC to a residence in San Diego, California, in order to continue serving her sentence on home confinement under the CARES Act. *Id.* at 3–4; Dkt. No. 14 at 2. While on home confinement, Ms. Chapman remained a federal prisoner and was supervised by Ocean View Residential Reentry Center ("Ocean View RRC") in San Diego. Dkt. No. 13 at 4; Dkt. No. 14 at 2. The conditions for home confinement required Ms. Chapman to submit to random drug testing at Ocean View RRC. Dkt. No. 13 at 4; Dkt. No. 14-3 at 17. On November 18, 2023, Ms. Chapman provided a urine sample that was ultimately confirmed positive for the presence of controlled substances. Dkt. No. 14-3 at 6, 11. On January 4, 2024, an Ocean View RRC staff member wrote an incident report alleging that Ms. Chapman had used a narcotic/intoxicant, which is classified as a prohibited act of "Greatest Severity" under the Inmate Disciplinary Program of the Bureau of Prisons ("BOP"). *Id.* at 6; 28 C.F.R. § 541.3.

On January 5, 2024, a disciplinary hearing was conducted at Ocean View RRC, and the Ocean View RRC staff member who conducted the hearing recommended to BOP that Ms. Chapman be found to have committed the violation and that she lose good conduct time. Dkt. No. 16 at 3. On January 9, 2024, a BOP Discipline Hearing Officer found Ms. Chapman guilty and

imposed a sanction of 41 days' loss of good conduct time. Dkt. No. 14-3 at 2. Ms. Chapman was redesignated to a BOP facility, and was returned to secure BOP custody on or about January 11, 2024. Dkt. No. 14 at 4; Dkt. No. 9-2 at 3. She was subsequently transferred to FDC SeaTac, where she was housed at the time she filed her initial petition before this Court. Dkt. No. 1 at 1.

Ms. Chapman initially filed her petition pro se on March 7, 2024. Dkt. No. 3. Judge Peterson then referred the case to the Federal Public Defender for review, Dkt. No. 4, and on April 22, 2024, a federal defense attorney was appointed to represent Ms. Chapman, Dkt. No. 6. On May 3, 2024, Ms. Chapman filed an amended habeas petition challenging the revocation of her home confinement. Dkt. No. 9. Ms. Chapman argued that she had a liberty interest in remaining on home confinement, and that she was afforded insufficient procedural protections during the Ocean View disciplinary hearing. *Id.* at 3–6. In opposition, the Government argued that Ms. Chapman's petition is not cognizable under Section 2241; that Ms. Chapman did not have a liberty interest in remaining on home confinement, and even if she did, she received sufficient procedural protections at the time of her redesignation; and that she did not exhaust administrative remedies prior to filing the petition. Dkt. No. 13 at 9–23.

Despite being represented by counsel, Ms. Chapman filed a "2241 Motion (Request of FSA Credits)" on June 10, 2024. Dkt. No. 12. In their response to her habeas petition, Defendants indicated they would not file a response to the uncounseled motion unless the Court directed a response. Dkt. No. 13 at 9. Judge Peterson did not do so. *See generally* Dkt. No. 32.

Ms. Chapman was subsequently transferred to the Federal Correctional Institution in Tallahassee, Florida, prompting the Government to file a motion to dismiss or transfer venue on July 2, 2024. Dkt. No. 17 at 1. Ms. Chapman opposed the motion, arguing that binding precedent holds that jurisdiction to consider a habeas petition "attaches at the time of filing and is not divested merely because a prisoner is transferred afterward." Dkt. No. 20 at 1.

In the R&R, Judge Peterson recommends dismissal of Ms. Chapman's petition for two reasons. Dkt. No. 32 at 5–11. First, Ms. Chapman's claim is not cognizable under 28 U.S.C. § 2241 because it "does not constitute a challenge to the fact or duration of her sentence"; instead, "it is a challenge only to the location where she must serve the custodial portion of her sentence." *Id.* at 8. Second, Ms. Chapman did not exhaust her administrative remedies and her failure to exhaust should not be excused. *Id.* at 10–11. Because she recommended dismissal of Ms. Chapman's petition, Judge Peterson also recommended that the Government's motion to dismiss or transfer venue be denied as moot. *Id.* at 11. Ms. Chapman timely objected to the R&R. Dkt. No. 33.

After briefing on Judge Peterson's R&R was complete, Ms. Chapman filed a Motion to Voluntarily Dismiss the Section 2241 habeas petition underlying her civil case. Dkt. No. 35. In that motion, Ms. Chapman "moves to voluntarily dismiss her [Section] 2241 motion under Federal Rule of Civil Procedure 41(a)(2) in favor of her pro se motion on FSA time credits (Dkt. 12)." Dkt. No. 35 at 1. The Government does not oppose Ms. Chapman's motion to voluntarily dismiss as long as she is not permitted to pursue her pro se motion. Dkt. No. 36 at 1.

## II.    DISCUSSION

### A.    Jurisdiction

A district court has jurisdiction over a Section 2241 habeas petition if the petitioner files it in the district of her confinement and names the warden of the facility where she is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442–47 (2004) (the "general rule" is that "jurisdiction lies in only one district: the district of confinement"); *id.* at 435 (the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held"). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *see also Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018); *Smith v. Campbell*, 450 F.2d 829, 832–34

(9th Cir. 1971) (collecting cases and explaining courts have "uniformly followed" rule that habeas "jurisdiction is measured at the time the action is filed"). "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction" as long as "any respondent within its jurisdiction . . . has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441; *compare In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021) (jurisdiction was not destroyed where petitioner was transferred from one BOP facility to another in different district, because original court could still order BOP as the "ultimate custodian" to take necessary action), *with Copley v. Keohane*, 150 F.3d 827, 829–30 (8th Cir. 1998) (jurisdiction was destroyed where petitioner was transferred from BOP's USMCFP facility to United States Probation Office's custody in different district, because "there is no entity that we can order to effect Copley's release should the writ issue").[1]

Because Ms. Chapman filed this petition while held at FDC SeaTac, Dkt. No. 1 at 1; Dkt. No. 13 at 7, she remains in the custody of BOP, and—as explained below—the ultimate disposition of her habeas petition does not involve the issuance of a writ of habeas corpus, the Court finds that it has jurisdiction to address the R&R and the motion to voluntarily dismiss.

**B.     Motion to Voluntarily Dismiss**

1.     Standard of Review

"[A]pplicants for habeas corpus may voluntarily dismiss their petitions under the provisions of Fed. R. Civ. P. 41." *Towet v. Casselle*, No. 20-3258-JWL, 2020 WL 6198279, at *1 (D. Kan. Oct. 22, 2020) (dismissing Section 2241 petition under Rule 41(a)(1)(A)); *see also*

---

[1] Furthermore, "where a habeas petitioner has been transferred to another district after commencement of the action, notwithstanding any possible 'limitations on its ability to *grant* habeas relief,'" judges in this district have been found at the very least to "'retain[] jurisdiction to *deny* relief[.]'" *Singh v. United States Immigr. & Customs Enf't Field Office Dir.*, No. 2:24-CV-00705-RSL-TLF, 2025 WL 746295, at *8 (W.D. Wash. Feb. 14, 2025) (quoting *Jackson v. Warden of the FDC at SeaTac*, No. 2:24-cv-547, 2024 WL 4227765, at *3 (W.D. Wash. Sept. 13, 2024)), *report and recommendation adopted*, No. 2:24-CV-00705-RSL-TLF, 2025 WL 745629 (W.D. Wash. Mar. 7, 2025); *see also Tapia v. Barron*, No. 2:23-cv-01531-BJR-BAT, 2024 WL 2946184 (W.D. Wash. Jan. 12, 2024) (same).

1    *Andreozzi v. Warden McKean FCI*, 828 F. App'x 141, 144–45 & n.1 (3d Cir. 2020) (observing that

2    petitioner could file a motion for voluntary dismissal of his Section 2241 habeas petition under

3    Rule 41); *Rosca v. Gilky*, No. CV-08-0963-PHX-FJM, 2008 WL 4541020, at *1 (D. Ariz. Oct. 9,

4    2008) (dismissing Section 2241 petition under rule 41(a)(2)).

5            Because the Government has responded to Ms. Chapman's Section 2241 Petition, Rule

6    41(a)(2) governs. Under that rule, "an action may be dismissed at the plaintiff's request only by

7    court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court

8    should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show

9    that it will suffer some plain legal prejudice as a result" of the dismissal. *Smith v. Lenches*, 263

10   F.3d 972, 975 (9th Cir. 2001). "[L]egal prejudice" means "prejudice to some legal interest, some

11   legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th

12   Cir. 1996). Such prejudice is not established by "the threat of future litigation which causes

13   uncertainty" or "the expense incurred in defending against a lawsuit[.]" *Id.* at 96–97; *see also*

14   *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1280 (9th Cir. 2023) (explaining that "the mere

15   inconvenience of defending another lawsuit does not constitute plain legal prejudice" (citation

16   omitted)). Although district courts have "broad discretion" in deciding whether to dismiss actions

17   with or without prejudice, *WPP Lux. Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058

18   (9th Cir. 2011), they abuse their discretion in dismissing with prejudice when the defendant fails

19   to show legal prejudice as a result of the dismissal, *Kamal*, 88 F.4th at 1280–82. When considering

20   a motion under Rule 41(a)(2), courts must determine: "(1) whether to allow dismissal; (2) whether

21   the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should

22   be imposed." *Benanav v. Healthy Paws Pet Ins. LLC*, No. 2:20-cv-00421-LK, 2023 WL 5227702,

23   at *7 (W.D. Wash. Aug. 15, 2023) (quoting *Sherman v. Yahoo! Inc.*, No. 13-cv-0041-GPC-WVG,

24   2015 WL 473270, at *2 (S.D. Cal. Feb. 5, 2015)).

2.    <u>Analysis</u>

In Ms. Chapman's pending motion to voluntarily dismiss, she requests that the Court dismiss her habeas petition "in favor of her pro se motion on FSA time credits." Dkt. No. 35 at 1 (referencing Dkt. No. 12). She explains that her FSA Time Credit Assessment calculates that she could be sent to a halfway house or home confinement soon, potentially mooting her habeas petition. *Id.* In contrast, her pro se motion "concerns credits that have not yet been applied and might result in her earlier release." *Id.*

The Government does not oppose Ms. Chapman's motion to voluntarily dismiss unless it "would allow Chapman to proceed on the late-filed, new habeas claim relating to FSA credits." Dkt. No. 36 at 1. The Government argues that "Chapman was not entitled to file the new claim relating to FSA credits in the first place," given that she was at the time of filing "represented by counsel and had not requested the Court's leave to proceed on her own behalf, provided copies of the motion to her counsel and Respondent, or been granted an order of substitution by the Court, as required by the local rules." *Id.* at 1–2 (citing LCR 83.2(b)(5)). The Government further objects to any voluntary dismissal insofar as it permits Ms. Chapman "to amend her petition at this late stage in the proceedings, after the Court has already issued a report recommending dismissal of her petition." *Id.* at 1. Moreover, the Government argues, "a party may only 'amend its pleading *once* as a matter of course,' and Chapman's counsel had already filed an amended petition." *Id.* at 1–2 (quoting Fed. R. Civ. P. 15(a)(1); citing Dkt. No. 9 (amended petition predating the FSA credits petition)). The Government further argues that it would be unjust to permit Ms. Chapman to amend her petition at this stage because, aside from her procedurally improper motion, she never raised concerns about FSA credits in this proceeding, including in her response to Judge Peterson's pending R&R. *Id.* at 2–3. Lastly, the Government argues that to permit Ms. Chapman to amend her petition at this stage "would not be in the interest of justice because it is futile," as "she has

already earned the maximum 365 days of FSA credits that may be applied to early release[.]" *Id.* at 3.

The Government is correct that Ms. Chapman could not properly "appear or act on . . . her own behalf in th[is] case, or take any step therein," at the time she filed her FSA credits petition. LCR 83.2(b)(5). Because the Court had appointed a federal public defender to represent her before that filing, Dkt. No. 6, Ms. Chapman was not permitted to "proceed on . . . her own behalf . . . until after [she] request[ed] by motion" to do so and was "granted an order of substitution by the court terminating [her] attorney as counsel and substituting [Ms. Chapman] in to proceed pro se[.]" LCR 83.2(b)(5). Accordingly, Ms. Chapman's motion is improper, and the Court declines to entertain it. *United States v. Mable*, 363 F. App'x 478, 479 (9th Cir. 2010).

The Government has not demonstrated that it would be prejudiced if the Court grants Ms. Chapman's motion to voluntarily dismiss; indeed, it does not object to a dismissal that does not permit Ms. Chapman to proceed on her pro se motion. Dkt. No. 36 at 1. As noted above, a motion for voluntary dismissal "should" be granted under such circumstances. *Smith*, 263 F.3d at 975. Thus, the Court grants Ms. Chapman's motion, Dkt. No. 35, and dismisses the operative petition filed under Section 2241.[2] Further, because the Government has failed to show legal prejudice as a result of the dismissal, the dismissal is without prejudice. *Kamal*, 88 F.4th at 1280–82.

### III.    CONCLUSION

For the foregoing reasons, it is ORDERED that:

1.    Ms. Chapman's motion to voluntarily dismiss, Dkt. No. 35, is GRANTED, and her operative petition under Section 2241, Dkt. No. 9, is DISMISSED without prejudice;

---

[2] Ms. Chapman argues that "[t]his case can be dismissed without having any effect on a separately filed pro se § 2241 motion," but that "the Court certainly should not dismiss the pro se § 2241 motion without asking for input from the pro se movant." Dkt. No. 37 at 2. However, that motion was never properly before the Court in the first place.

2.  The Court declines to adopt Judge Peterson's Report and Recommendation, Dkt. No.

32, as moot.

The Clerk is directed to send copies of this Order to the parties and to Judge Peterson.

Dated this 27th day of May, 2025.

Lauren King
United States District Judge

ORDER ON REPORT AND RECOMMENDATION AND MOTION TO VOLUNTARILY DISMISS - 9